## FONTANA POWER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9901.

Circuit Court of Appeals, Ninth Circuit.

April 16, 1942.

Surr & Hellyer, Geo. W. Hellyer, and John B. Surr, all of San Bernardino, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sherley Ewing, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Petitioner seeks review of a decision of the Board of Tax Appeals which held that certain payments made by petitioner to Fontana Union Water Company, hereafter called the Water Company, were not deductible from petitioner's gross income.

The Water Company was incorporated in 1912 as a mutual water company for the irrigation of farm lands in the vicinity of Fontana, California, and as such is held to be exempt from income and capital stock taxation under § 101 of the Revenue Acts of 1934 and 1936, 26 U.S.C.A.Int.Rev.Acts, pages 688, 848. Fontana Co., hereafter called the Company, was incorporated prior to April 3, 1916, the nature of its business not being disclosed by the record.

Petitioner was incorporated on April 3, 1916, as a public utility corporation. It sought and received necessary authority from the state regulatory body to issue $350,000 of first mortgage bonds, and to acquire the properties of the Water Company and the Company pursuant to a contract. The contract was dated June 15, 1917, and provided that the Water Company and the Company promised to convey to petitioner their properties and that petitioner promised to issue "as part consideration" 50 shares of its stock to the Water Company and 50 shares of its stock to the Company, to pay

such corporation, one-half to each, the difference between the value of the stock and the value of the properties conveyed "as soon as the value of said properties and the method of payment therefore [sic] can be agreed upon between the parties * * * and approved by the" state regulatory body, and pending the determination of the value of such properties, to pay to the corporations, one-half to each "all profits realized from" petitioner's business after certain deductions were made, and dividends not exceeding 8% per annum on its outstanding stock.

The Water Company and the Company conveyed the properties to petitioner, and petitioner issued to each of them 50 shares of its stock. Petitioner then issued a mortgage on the properties conveyed as security for the $350,000 of bonds. With the funds received from the sale of the bonds, petitioner constructed during 1917 a hydroelectric plant and other things.

On July 1, 1917, petitioner leased for a term of 30 years, to Southern California Edison Co., the properties it had acquired from the Water Company and the Company, and the hydroelectric plant. Petitioner reserved and receives sufficient power from the plant to supply its customers, and the lessee pays a rental based upon the amount of the excess power generated in the plant.

In 1927, the Water Company acquired the 50 shares of stock in petitioner held by the Company and all the Company's rights under the agreement of June 15, 1917. The Company was then dissolved.

No attempt has been made since execution of the contract to fix the value of the properties conveyed to petitioner pursuant thereto. Since commencement of its operations, petitioner has paid all its net profits to the Water Company and the Company, and to the former after it had acquired the interest of the latter. Such payments for the years 1935, 1936 and 1937, respectively, were $18,262.39, $16,244.55 and $27,000. In its returns for those respective years, petitioner claimed deductions of equal amounts. Respondent disallowed the deductions and was sustained by the Board. Petitioner filed a petition in this court to review the Board's decision to that effect.

The Board held that the payments were not interest but were in the nature of dividends.

Petitioner contends that the payments made were either interest or ordinary and necessary expenses of business because a debtor-creditor relationship was created by the contract of June 15, 1917.

We suppose that since petitioner promised to pay the difference between the value of 100 shares of its stock and the properties conveyed, and since such difference is capable of being ascertained, a debtor-creditor relationship between petitioner and the other two corporations arose when the contract was executed. Actually, so long as petitioner issued no more stock, the stock received by the corporations would be worth the value of the properties conveyed and there would be no difference.

Section 23(b) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A.Int.Rev.Acts, pages 672, 827, permits deductions of all "interest paid or accrued within the taxable year on indebtedness". "In the business world 'interest on indebtedness' means compensation for the use or forbearance of money. In absence of clear evidence to the contrary, we assume that Congress has used these words in that sense". Deputy v. Du Pont, 308 U.S. 488, 498, 60 S.Ct. 363, 368, 84 L.Ed. 416. Likewise, "although an indebtedness is an obligation, an obligation is not necessarily an 'indebtedness' within the meaning of § 23(b)". Id., 308 U.S. page 497, 60 S.Ct. page 368, 84 L.Ed. 416.

In that case, the taxpayer borrowed stock from an owner and promised to return the stock in 10 years, to pay an amount equivalent to all dividends declared and paid on the borrowed shares until returned, and to reimburse the owner for all taxes accruing against it because of the receipt by the owner of an amount from the taxpayer equal to such dividends. It was held that the amount, paid by the taxpayer to the owner for the taxes against the owner, was not interest on an "indebtedness" although it might be interest on an "obligation". We think that rule is applicable here, and that while the payments made by petitioner might have been interest on an "obligation", they were not interest on an "indebtedness".

Petitioner further contends that the payments were expenses, for which deduction is permitted by § 23(a) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A.Int.Rev. Acts, pages 671, 827. That section authorizes a deduction of all "the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". While the Board did not expressly find that the payments were not ordi-

nary and necessary expenses, that is the fair import of its opinion. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L. Ed. 212, expresses the proper inquiry here: "* * * Unless we can say from facts within our knowledge that these are ordinary and necessary expenses according to the ways of conduct and the forms of speech prevailing in the business world, the tax must be confirmed. But nothing told us by this record or within the sphere of our judicial notice permits us to give that extension to what is ordinary and necessary. * * *"

No evidence in the record tends to show that the expense, if it be an expense, was "ordinary" and certainly judicial knowledge does not dictate that it was. The Board's refusal to find that the payments were "ordinary and necessary expenses" was not therefore erroneous and must be sustained.

What the precise nature of the payments was, is unnecessary to determine. It is sufficient to say that petitioner points to no statute authorizing deduction therefor. New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348.

Affirmed.

STEPHENS, Circuit Judge.
I concur in the result.